# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

OUMAR HASSANE,

    Plaintiff,

v.                              No.

RALPH DORRANCE; RUSSELL VOSS;
And TWG TRANSPORTATION, INC.,

    Defendants.

## COMPLAINT FOR PERSONAL INJURIES, RESPONDEAT SUPERIOR, AND PUNITIVE DAMAGES

COME NOW the Plaintiff, Oumar Hassane, by and through his attorneys of record, the WILL FERGUSON & ASSOCIATES (Frank V. Balderrama) and for his causes of action, state as follows:

## PARTIES AND VENUE:

1. Plaintiff Oumar Hassane is a resident in the City of Dayton, State of Ohio at all times material to the allegations contained in this Complaint.

2. Based upon information and belief, Defendant Ralph Dorrance (hereinafter referred to as "Defendant Dorance"), the driver of the defendant commercial motor vehicle at issue, is a resident of Stotts City, State of Missouri, at all times material to the allegations contained in this Complaint.

3. Upon information and belief, Defendant Russell Voss, owner of defendant commercial motor vehicle at issue, is a resident of the City of Bristow, State of Oklahoma, at all times material to the allegations contained in this Complaint.

4. Upon information and belief, Defendant TWG Transportation Inc. (hereinafter referred to as "Defendant TWG Transportation") is a foreign corporation incorporated in and under the laws of the State of Missouri.

5. Upon further information and belief, Defendant TWG Transportation was doing business in and under the laws of the State of New Mexico at all times material to the allegations contained in this Complaint.

6. Defendant TWG Transportation may be served with process through its registered agent, Richard Dikranian, located at 1594 W. Lloyd St., located in Ozark, Missouri 65721.

7. Upon information and belief, at all times material hereto, Defendant Dorance was employed and working within the course and scope of his employment with TWG Transportation.

8. Upon information and belief, at all times material hereto, Defendant Russell Voss was employed and working within the course and scope of his employment with TWG Transportation.

9. All acts complained of herein occurred in the City of Albuquerque, County of Bernalillo, State of New Mexico.

10. This is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states.

11. Jurisdiction and venue are proper with this Court pursuant to 28 U.S.C. § 1332 and NMSA 1978 § 38-1-16.

**STATEMENT OF FACTS**

12. Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

13. On May 16, 2012, Plaintiff Oumar Hassane was asleep in the sleeper birth in a semi tractor trailer traveling west on I-40 in Bernalillo County, New Mexico. As the tractor trailer Plaintiff was traveling in approached a hill just west of Albuquerque, they began to reduce speed due to having a load and traveling uphill. As a result, the tractor trailer Plaintiff was traveling in moved to the right hand lane and turned its hazard lights on.

14. As the Plaintiffs tractor trailer continued up the hill, Defendant Dorance came up from behind in his tractor trailer at a high rate of speed and struck Plaintiffs from behind.

15. Upon information and belief, Defendant Dorrances' tractor trailer was transporting lighter fluid, a flammable material, without the proper authority granted to them under the Federal Motor Carrier Safety Act/Regulations.

16. As a result of the force of the impact, as well as the flammable materials Defendants were transporting, the two semi tractor trailers, both semi's caught fire and burned.

17. Fortunately for Plaintiff, he was able to escape his tractor trailer before the flames consumed the cab of the truck. However, unfortunately for Plaintiff Oumar Hassane, he was severely injured as a result of being thrown around in the sleeper birth upon impact.

18. As a result of the negligent acts and/or omissions of the Defendants, Plaintiff Oumar Hassane suffered injuries and damages, all in an amount not presently determinable, but to be proven at the time of trial.

19. Prior to the collision, Plaintiff had negotiated a contract to play professional soccer for the Country of Kuwait. Like most people who grew up playing sports, playing at the professional level had been Plaintiff's life long dream. However, as a result of the injuries and damages he received in the auto collision, Plaintiff was unable to fulfill his obligation

for his professional contract and has instead been left to heal a major injury to his knee. Plaintiff may never get to play soccer again at anywhere near the professional level.

## FIRST CAUSE OF ACTION:
## NEGLIGENCE & RESPONDEAT SUPERIOR

20. Plaintiffs incorporate by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

21. Defendants owed a duty to exercise ordinary care in connection with their ownership, operation, maintenance, inspection and upkeep of the tractor and trailer in question and in the furtherance of their business.

22. Defendants were individually and collectively responsible for the maintenance, repair, inspection and upkeep of the tractor and trailer at issue in this case.

23. Defendants were also individually and collectively responsible for ensuring that the tractor and trailer and driver met all the requirements of state and federal rules and regulations for safety before being placed on the roadway.

24. Defendants were individually and collectively responsible for seeing that the requirements of the Federal Motor Carrier Safety Regulations and applicable state or federal rules or regulations regarding commercial motor vehicle drivers, commercial motor vehicles, and related record keeping were complied with.

25. Defendant TWG Transportation was individually and solely responsible for the hiring, retention, training and supervision of Defendant Dorrance.

26. At all times relevant hereto an employer-employee relationship existed between Defendant TWG Transportation and Defendant Dorrance.

27. At all times material hereto, Defendant Dorrance was acting in the course and scope of his employment with TWG Transportation when he breached his duties to the Plaintiff

and such breaches, singularly or in combination with those of Defendant TWG Transportation and Defendant Russell Voss, constitute negligence, gross negligence, and violations of state, and federal regulations which proximately caused injuries and damages to the Plaintiff.

28. The Defendants' negligent acts and/or omissions include, but are not limited to, the following:

    a. Operating the tractor/trailer combination at an unreasonable rate of speed under the existing circumstances;

    b. Failing to keep a proper lookout;

    c. Failing to make timely application of brakes or to otherwise control speed;

    d. Improper and unsafe lane change and passing;

    e. Driving on the wrong side of the roadway;

    f. Operating a tractor/trailer combination in an impaired state;

    g. Allowing for the operation of a commercial motor vehicle while the drivers ability or alertness is so impaired, through fatigue, illness or any other cause, as to make it unsafe for him to begin or continue to operate the commercial motor vehicle;

    h. Failing to properly supervise those hired to operate, maintain, or inspect Defendants' vehicles or equipment;

    i. Failing to properly train those hired to operate, maintain, or inspect Defendants' vehicles or equipment;

    j. Failing to establish a safety policy and/or safety protocol that would insure that no vehicle and/or equipment owned, operated, repaired, inspected, or maintained by

      Defendants would be on the roadway when not in compliance with all requisite regulations and/or safety standards or when in a defective or dangerous condition;

    k. Failing to establish educational and/or safety training programs for those responsible for the operation, maintenance, inspection, or upkeep of the vehicles or equipment owned or operated by Defendants so that those individuals were properly trained to ensure that such vehicles or equipment would not operate on the roadway in an unsafe, dangerous, or defective condition;

    l. Violations of the New Mexico Transportation Code;

    m. Violations of the Federal Motor Carrier Safety Regulations; and

    n. Entrusting a tractor/trailer to Defendant Dorrance, a reckless or incompetent driver, that Defendants TWG Transportation and Russell Voss knew or should have known to be negligent, reckless or incompetent.

29. The negligence of the Defendants described above is and was a proximate cause of the trucking collision on May 16, 2012 which resulted in injuries and damages to Plaintiff Oumar Hassane.

30. A reasonable person in Defendants position would expect the above-mentioned intentional and reckless acts and omissions to directly and proximately cause great bodily harm and/or death to individuals, specifically the Plaintiff.

31. The breach of the duties owed to Plaintiff were the direct, actual, legal and proximate cause of Plaintiffs' injuries, without any contributing cause by the Plaintiff.

32. As a further direct and proximate result of Defendants negligent, intentional and reckless acts and omissions, Plaintiff suffered severe physical, emotional, and psychological pain and suffering between the time of recognizing that a collision was imminent and

unavoidable, all in an amount not presently determinable, but to be proven at the time of trial.

33. The injuries relating to Plaintiff Oumar Hassane, past, present and future were, are and will be due to the negligent, intentional and reckless acts and omissions to the Defendants without any contributing negligence on the part of Plaintiff.

## SECOND CAUSE OF ACTION: PUNITIVE DAMAGES

34. Plaintiffs incorporate by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

35. The acts and/or omissions of Defendants were of such an egregious nature, in reckless, wanton and total disregard to the rights of the public, including Plaintiffs, that in addition to actual damages ascertained demonstrated by a preponderance of the evidence, punitive damages or exemplary damages to punish and deter this type of act and omission of occurring in the future are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court to enter final judgment in favor of the Plaintiff and against Defendants in an amount to be proven at the time of trial for all of the Plaintiffs' damages, compensatory and other damages, including but not limited to, punitive damages, for costs associated with bringing this cause of action, for reasonable attorney's fees as allowed by law, for pre-judgment interest and port-judgment interest, and for such other further relief as the Court deems just and proper.

Respectfully submitted:

WILL FERGUSON & ASSOCIATES

/s/ *Frank Balderrama*
Frank V. Balderramam, Esq.
1720 Louisiana Blvd. NE
Suite 100
Albuquerque, NM 87110
(505) 243-5566-*telephone*
(505) 243-5699-*facsimile*
*Attorney for the Plaintiffs*